THOMAS W. HOLMES, *Complainant*, VS. DAVID HEYWOOD, LEWIS E. GORDAN, NATHANIEL ROBBINS AND FRANKLIN MUZZY, *Defendants.*

An affidavit taken in any other State, to entitle it to be read in any Court in this State, must be sworn to before a Judge of a Court or record or a Commissioner appointed by the Governor of this State.

A rule or order entered by consent of Counsel, will not be set aside on application of a party unless it is shown that the Counsel is pecuniarily irresponsible.

Where an affidavit of merits is required, to set aside an order or decree, the facts should be set forth.

*Berrien Circuit in Chancery, October,* 1870.

The facts in the case, briefly stated, are as follows:

Bill for foreclosure filed July 26, 1861. Answer of all the defendant's filed prior to January 1st, 1862. Replication filed March 5, 1862. June 25, 1862, order entered closing proofs, on motion of defendant's Solicitor. Though the order of closing proofs does not appear ever to have been opened, some testimony was taken afterwards, and filed in the cause. The complainant's Solicitor noticed the case for hearing for the June term, 1870. The note of issue was not received by the Register in time to place the cause on the calandar, but on application to the Court, the same was placed on the calendar on the fi t day of the term.

June 15, 1870, the Solicitors for the respective parties filed a written stipulation that the cause should then be submitted to the Court on pleadings and proofs, to be argued on briefs—within forty days from date of submission, complainant's Solicitor to furnish brief to Court and defendant's Counsel, and within ten days thereafter defendant's Counsel to furnish brief to Court and Counsel for complainant, and complainant's Counsel to reply in ten days after delivery of defendant's brief,.

By the same stipulation it was agreed that the defendants should be at liberty to present to the Court any additional testimony, provided the same be taken under the rules, within thirty days after date of stipulation.

In pursuance of this stipulation the cause was submitted to the Court.

August 22, 1870, Mr. DePuy was substituted Solicitor for

HOLMES v. HEYWOOD, et al.

defendants, and now moves to vacate the stipulation for hearing. This motion is based upon the affidavit of Franklin Priest, claiming to have succeeded to defendant's title and alleging, that on the 20th of May last, "defendant's Solicitor delivered the papers in the case to him, Priest, refusing to proceed further in the case; and that his relation as defendant's Solicitor then ceased; and of DePuy, the Solicitor, who swears that he was retained as Solicitor for the defendant, about the 20th of May last, to the loss of the file papers, and that Priest had "stated to him legal, substantial and equitable grounds for defense, the evidence of which was not submitted, but which he is able to produce if permitted so to do,—that without the evidence of Gordon and others, whose names deponant does not recollect, great injustice may and will be done the assignee."

The motion is resisted on defendant's own showing, and upon a cross affidavit of D. Darwin Hughes, of Counsel for complainant. The affidavits were read on both sides, with the understanding that objection both as to form and substance might be made at the argument.

The following are some of the objections urged by complainant's Solicitor—1, to the affidavit of Priest,

Because it was not properly authenticated—being made in the State of Illinois, and sworn to before a Notary Public.

2d, There are no merits shown by the affidavits of defendant's Solicitor or Pries'.

3d, The motion, if granted, can result in no practical benefit to the defendants or to the mover.

4th, The Court cannot vacate the stipulation for hearing, for the reason that a stipulation is a consent-order.

At the argument, Counsel for complainants stated that the file papers were delivered to his Hon., Judge Blackman, at the time of submitting the case to him, on pleadings and proofs, who had taken them for the purpose of perusing them preparatory to making a final decree.

*Theodore DePuy*, for the motion.

*D. Darwin Hughes, contra.*

*Brown, J.*—As to the first ground of objection, to wit, the insufficiency of the authentication of Priest's affidavit, the

statute, *C. L.*, § 4259, is clear and explicit. The affidavit was taken in Illinois, and it can not properly be read unless certified by a Judge of a Court of record or a commissioner appointed by the Governor of this State.

2d, Where an order or consent rule has been entered in a cause, and the proceedings have been regular, such order or rule will not be set aside in any event unless an affidavit of merits is filed. The affidavit of DePuy, that Priest has stated to him "legal, substantial and equitable grounds of defense, the evidence of which he is able to produce, and that without the evidence of Gordon and others, great injustice may and will be done," is not within the rule requiring an affidavit of merits.

" An affidavit that a party has a good defense without stating the nature and substance of it is not sufficient. In fact it is not the practice of the Court to receive a general affidavit of merits."

" The party must state upon oath, what such merits are, to enable the Court to see whether they are not merely imaginary; and in order that the deponent may be liable to punishment for perjury if his affidavit is false." *Sea Ins. Co vs. Stebbins*, 8 *Paige*, 563 ; *Meach vs. Chappell Id.*, 135.

3d, The motion if granted can result in no practical benefit to the defendants or the mover.

He could not take further proofs, because it is not an application to open the proofs.

He could, at the most, be heard in argument upon a hearing of the case, but it is not suggested what argument could be made, and the whole thing must result in hearing the case over again precisely as it has now been heard.

The Court will not do this to satisfy a mere caprice of the party.

4th, The Court is asked to "vacate the stipulation for hearing." A stipulation is made by *consent* of the parties, and consent rules and orders are seldom set aside by the Court. 1 *Hoff. Ch. Pr.*, 27.

When a decree is made by consent of Counsel, there lies not an appeal or rehearing, though the party did not really give his consent, but his remedy is against his Counsel. *Bradish vs. Gee Ambler*, 229 ; *Harrison vs. Ramsey*, 2 *Vesey*, 488.

The consent of counsel to a decree is to be given upon their own conception of the authenticity of their instructions. And as the client is bound by the act of his counsel, he must, if the counsel has consented without sufficient authority, seek his remedy against his counsel. 2 *Dan. Ch. Pr.*, 1180.

It may be mentioned with reference to the subject of consent causes, that a decree or order made by consent of the counsel for the parties, cannot be set aside, either by rehearing or appeal or by bill of review, unless indeed it be made to appear that the counsel is pecuniarily irresponsible. 2 *Dan. Ch. Pr.*, 1179, 1180; *Atkinson vs. Manks*, 1 *Cow.*, 693.

The application must be denied, with usual motion costs.